ORIGINAL

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  JENNIFER A. JACKSON (SBN #192998)
   JENNA L. MOLDAWSKY (SBN #246109)
2  **BRYAN CAVE LLP**
   120 Broadway, Suite 300
3  Santa Monica, California 90401-2386
   Telephone: (310) 576-2100
4  Facsimile: (310) 576-2200
   E-Mail: jjackson@bryancave.com
5         jenna.moldawsky@bryancave.com
6  Attorneys for Defendant
   COUNTRYWIDE HOME LOANS, INC.
7

FILED

09 DEC -3 PM 12: 12

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10 | JAMES WOODSON, individual;      | Case No. 09 CV 2707 LAB   JMA
   | SABINE WOODSON, an individual,  | (SDSC 37-2009-00100179-CU-OR-
11 |                                 | CTL)
   |     Plaintiffs,                 |
12 |                                 |
   |     v.                          | **DEFENDANT COUNTRYWIDE
13 |                                 | HOME LOANS, INC.'S NOTICE
   | COUNTRYWIDE HOME LOANS, a       | OF REMOVAL UNDER
14 | foreign corporation authorized to do | 28 U.S.C. §§ 1331 AND 1441(a),(b)
   | business in California, and DOES 1 | (FEDERAL QUESTION)**
15 | through 10, inclusive,          |
16 |     Defendants.                 |
17 |                                 | Complaint Filed:  October 13, 2009
   |                                 | Trial Date:       Not yet assigned
18
19
20
21
22
23
24
25
26
27
28

SM01DOCS\760536.1

NOTICE OF REMOVAL

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL

2  PARTIES AND THEIR ATTORNEYS OF RECORD:

3  PLEASE TAKE NOTICE that defendant Countrywide Home Loans, Inc.

4  ("CHL") removes the action described below from the Superior Court of the State of

5  California for the County of San Diego to the United States District Court for the

6  Southern District of California.

7  **I.   BACKGROUND**

8  1.   On October 13, 2009, Plaintiffs James and Sabine Woodson

9  ("Plaintiffs") filed a Complaint in the Superior Court of the State of California,

10 County of San Diego, entitled *Woodson v. Countrywide Home Loans, et al.*, San

11 Diego Superior Court Case 37-2009-00100179-CU-OR-CTL (the "State Court

12 Action").

13 2.   Attached as Exhibit A are copies of all process, pleadings, and orders

14 on file in the State Court Action pursuant to 28 U.S.C. Section 1446(a). CHL has

15 not filed any pleadings in the State Court Action.

16 3.   CHL was personally served with the State Court Action on November

17 4, 2009. The last day to remove the State Court Action to federal court is December

18 4, 2009. Thus, this removal is timely.

19 **II.  BASIS FOR REMOVAL**

20 4.   Section 1441(a) of Title 28 of the United States Code provides for

21 removal of any action in which the United States district courts have original

22 jurisdiction. Section 1441(b) states that district courts have original jurisdiction

23 over any civil action founded on a claim or right arising under the "laws of the

24 United States and shall be removable without regard to citizenship or residence of

25 the parties."

26 5.   This is a civil action of which this Court has original jurisdiction under

27 28 U.S.C. Section 1331, and which may be removed to this Court by CHL pursuant

28 to the provisions of 28 U.S.C. Section 1441(b). The action is founded on claims

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  arising under federal laws, including the Truth in Lending Act ("TILA"), 15 U.S.C.

2  §§ 1601, *et seq.*, and Regulation Z, 12 C.F.R. 226.23(a)(3). (*See* Compl. 7:14-

3  11:15; 12:3-5; 13:9-13; 16:9-12.)

4       6.    This Court has supplemental jurisdiction over Plaintiffs' state law

5  claims. Those claims arise out of the same operative facts (specifically, the same

6  loan transaction) as Plaintiffs' federal claims. Accordingly, each of Plaintiffs' state

7  law claims is related to Plaintiffs' federal claims and forms a part of the same case

8  and controversy pursuant to 28 U.S.C. Section 1367(a).

9       7.    The State Court Action was pending before the Superior Court for the

10  County of San Diego. Because this Court is the United States District Court for the

11  district and division embracing the place were the original action was filed, it is the

12  appropriate Court for removal under 28 U.S.C. Section 1446(a).

13       8.    A copy of this Notice of Removal is being served an all adverse parties

14  and will be filed promptly with the clerk of state court pursuant to 28 U.S.C. Section

15  1446(d).

16  **III.   CONCLUSION**

17       9.    Wherefore, CHL respectfully request that the State Court Action be

18  removed from the state court in which it was filed to the United States District Court

19  in and for the Southern District of California, and request further that this Honorable

20  Court issue all necessary orders and process and grant such other and further relief

21  as in law and justice that CHL may be entitled to receive.

22  Dated:     December 3, 2009     **BRYAN CAVE LLP**
                                    **JENNIFER A. JACKSON**

23                                        **JENNA L. MOLDAWSKY**

24

25                          By: *Jenna L Moldawsky*

26                              JENNA L. MOLDAWSKY
                         Attorneys for Defendant

27                           COUNTRYWIDE HOME LOANS, INC.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Steven W. Haskins (SBN: 145395)<br>Jesse T. Farris (SBN: 250864)<br>HASKINS & ASSOCIATES, APC<br>4045 Bonita Road, Suite 206<br>Bonita, CA 91902-1336<br>　TELEPHONE NO.: (619) 479-4351　FAX NO.: (619) 479-0337<br>ATTORNEY FOR *(Name):* Plaintiffs | FILED<br>CIVIL BUSINESS OFFICE 1<br>CENTRAL DIVISION<br>2009 OCT 13 PM 3:04<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
　STREET ADDRESS: 330 West Broadway
　MAILING ADDRESS:
　CITY AND ZIP CODE: San Diego, CA 92101
　BRANCH NAME: Hall of Justice

CASE NAME: Woodson v. Countrywide Home Loans, et al.

| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited　[ ] Limited<br>(Amount　(Amount<br>demanded　demanded is<br>exceeds $25,000)　$25,000 or less) | [ ] Counter　[ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2009-00100179-CU-OR-CTL<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [X] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):* Six (6)

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/13/2009

Steven W. Haskins (SBN: 145395)
_____
(TYPE OR PRINT NAME)　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Ex A Pg 4

*1-9-09 @ 2:30 pm*

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:** Countrywide Home Loans, a foreign
*(AVISO AL DEMANDADO):* corporation authorized to do
business in California, and DOES 1 through 10
inclusive,

FOR COURT USE ONLY
*(PARA USO DE LA CORTE)*
CIVIL BUSINESS OFFICE 1
CENTRAL DIVISION

2009 OCT 13 PM 3:04

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
James Woodson, an individual; Sabine Woodson, an
individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court for the State of California 330 West Broadway San Diego, CA 92101 Hall of Justice | **CASE NUMBER:** *(Número del Caso):* 37-2009-00100179-CU-OR-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven W. Haskins (SBN: 145395)        (619) 479-4351   (619) 479-0337
HASKINS & ASSOCIATES, APC
4045 Bonita Road, Suite 206
Bonita, CA 91902-1336

DATE: OCT 1 3 2009           Clerk, by _____ **C. VAN PELT** _____, Deputy
*(Fecha)*                    *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* *Countrywide Home Loans, a foreign Corporation authorized to do business in California*

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

*A - 5*

FILED
CIVIL BUSINESS OFFICE 1
CENTRAL DIVISION

2009 OCT 13  PM 3: 04

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1 │ STEVEN W. HASKINS (State Bar No. 145395)
    │ JESSE T. FARRIS (State Bar No. 250864)
2 │ HASKINS & ASSOCIATES, APC
    │ 4045 BONITA ROAD, SUITE 206
3 │ BONITA, CALIFORNIA 91902-1336
    │ TEL: (619) 479-4351
4 │ FAX: (619) 479-0337
    │ Email: SteveH@Haskinslaw.com
5 │
    │ Attorneys for Plaintiffs James and Sabine Woodson
6 │
7 │
8 │
9 │         SUPERIOR COURT FOR THE STATE OF CALIFORNIA
10 │            COUNTY OF SAN DIEGO, HALL OF JUSTICE
11 │

| 12 | JAMES WOODSON, an individual; SABINE WOODSON, an individual, | ) | Case No. 37-2009-00100179-CU-OR-CTL |
|---|---|---|---|
| 13 | | ) | **COMPLAINT FOR:** |
| 14 | Plaintiffs | ) | |
| | v. | ) | 1.   **RESCISSION AND DAMAGES UNDER THE TRUTH IN LENDING ACT** |
| 15 | | ) | |
| 16 | COUNTRYWIDE HOME LOANS, a foreign corporation authorized to do business in California, and DOES 1 through 10 inclusive, | ) | 2.   **CALIFORNIA UNFAIR BUSINESS PRACTICES** |
| 17 | | ) | 3.   **DECLARATORY RELIEF** |
| 18 | Defendants. | ) | 4.   **PREDATORY LENDING** 5.   **FRAUD** 6.   **NEGLIGENT MISREPRESENTATION** |
| 19 | | ) | |
| 20 | | ) | [12 C.F.R. 226.01 et seq.; 15 U.S.C. §1601 et seq.; 15 U.S.C. §§1602(aa); California Business & Professions Code §17200; Cal Fin. Code §4970] |
| 21 | | ) | |
| 22 | | ) | |
| 23 | ———————————————— | ) | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | 1 | | |

Ex. _A_  Pg _6_

1

## PRELIMINARY STATEMENT

2    1.    This is an action brought by two homeowners against a lender who failed to provide

3    the requisite disclosures concerning the right to cancel the contract, understated the actual finance

4    charge, understated the amount financed, understated the actual APR, failed to provide required

5    disclosures, and provided misleading disclosures on the variable rate loan. Plaintiffs seeks rescission

6    of the loan and statutory damages under the Truth In Lending Act, 15 U.S.C. §§ 1602(aa); 15 U.S.C.

7    § 1601 et seq., including § 1640(a); damages and injunctive relief under California Business &

8    Professions Code §17200 et seq., and Declaratory Relief.

9    2.    This action is also based upon predatory lending practices; namely the fraudulent and

10   abusive tactics of the lender in enticing the borrower into the loan transaction.

11   3.    Predatory and abusive lending practices inflict wide-ranging damage on society:

12   borrowers and their families can be devastated by these practices, which often result in non-judicial

13   foreclosure of the borrowers' homes. Defendant in this action preyed upon Plaintiffs through a series

14   of predatory and abusive lending practices. Plaintiffs seeks rescission of the predatory loan in which

15   he has been trapped, equitable relief and monetary damages.

16

17

## PREDATORY LENDING

18   4.    In *American Financial Services Association v. City of Oakland*, 34 Cal. 4th 1239

19   (2005), the California Supreme Court described predatory lending as follows:

20       'Predatory lending' is a term generally used to characterize a range of abusive
         and aggressive lending practices, including deception or fraud, charging excessive
21       fees and interest rates, making loans without regard to a borrower's ability to repay,
         or refinancing loans repeatedly over a short period of time to incur additional fees
22       without any economic gain to the borrower.  Predatory lending is most likely to
         occur in the rapidly growing "subprime" mortgage market, which is a market
23       generally providing access to borrowers with impaired credit, limited income, or high
         debt relative to their income.  Mortgages in this market tend to be in smaller
24       amounts, and with faster prepayments and significantly higher interest rates and fees,
         than 'prime' mortgages.
25
     34 Cal. 4th at 1244.
26
27   4.    The United States Department of Housing and Urban Development ("HUD") has

28                                                   2

Ex. *A* Pg 7

1  defined predatory lending as lending "involving deception or fraud, manipulation of borrowers

2  through aggressive sales tactics, or taking unfair advantage of a borrower's lack of understanding

3  about loan terms." *Curbing Predatory Home Mortgage Lending* (June 2000), a joint report of the

4  Department of Housing and Urban Development and the Treasury Task Force on Predatory Lending

5  ("HUD Report") at 1. According to HUD, "[t]hese practices are often combined with loan terms that,

6  alone or in combination, are abusive or make the borrower more vulnerable to abusive practices."

7  Id.

8      5.      HUD and the United States General Accounting Office ("GAO") have identified

9  various lending practices as predatory. Since predatory lenders are constantly developing new

10 techniques to take advantage of borrowers, any enumeration of predatory practices necessarily will

11 be incomplete. Nevertheless, it is generally accepted by the lending industry and government

12 agencies that monitor the industry that predatory lending practices include:

13      (a) engaging in aggressive, high-pressure and/or misleading sales tactics;

14      (b) lending without regard to the borrower's ability to repay;

15      (c) imposing excessive prepayment penalties that trap borrowers into predatory loans;

16      (d) making misrepresentations or otherwise misleading borrowers about loan terms;

17      (e) falsifying loan documents;

18      (f) targeting low-income, elderly and minority borrowers for predatory lending campaigns;

19      (g) charging excessive fees, points and interest rates unrelated to the borrower's credit/risk
20      profile;

21      (h) misleading borrowers about the borrower's credit/risk profile to steer borrowers to a
        higher-cost loan that is not justified by the borrower's true profile; and

22      (i) causing borrowers to refinance loans multiple times over a short period of time without
23      any economic gain to the borrowers.

24  HUD Report at 2; *Federal and State Agencies Face Challenges in Combating Predatory Lending*

25  (January 2004), a report by the United States General Accounting Office ("GAO Report") at 3-4,

26  18-19.

27      6.      The practices outlined above, and similar practices, individually and collectively, are

28                                                         3

Ex A Pg 8

1 | referred to herein as "predatory lending" practices.

2 |     7.     Predatory lenders use prepayment penalties as a means to trap borrowers into loans

3 | with onerous terms. GAO Report at 19. Borrowers cannot refinance and escape those onerous terms

4 | without incurring thousands of dollars in new fees or paying huge prepayment penalties, further

5 | stripping the equity from their homes.

6 |     8.     Predatory lenders frequently deceive borrowers and engage in outright fraud through

7 | practices such as falsifying loan applications and settlement documents and forging signatures. GAO

8 | Report at 19.  They also promise borrowers that if they accept a loan with a high interest rate they

9 | are concerned they cannot keep up with, they can refinance for a lower interest rate after a short

10 | period at no cost.

11 |     9.     Another common predatory lending practice involves inflating property appraisals.

12 | When predatory lenders arrange or accept inflated appraisals, they induce borrowers to enter loans

13 | that exceed the value of their homes. This traps the borrower into predatory loans and prevents them

14 | from selling their homes to pay off the mortgage loans because they cannot afford the large cash

15 | payment required to satisfy the deficiency between the sale price and the principal balance.  This

16 | practice benefits predatory lenders who collect closing costs on the loan(s) that otherwise should not

17 | have been made and by trapping borrowers into high rate loans that cannot be refinanced due to the

18 | lack of equity.

19 |     10.     Predatory lending practices often lead homeowners into a cycle of refinancing,

20 | foreclosure, economic ruination and segregation from conventional credit sources. HUD Report at

21 | 74. On a larger scale, when predatory lending practices are concentrated in specific areas - as they

22 | frequently are - communities suffer from destabilization through the loss of equity, distressed and

23 | vacant properties, and stifled economic development. GAO Report at 20. This causes a depression

24 | in property values and requires entire neighborhoods to pay the price for the wrongful practices of

25 | unscrupulous lenders.

26 |

27 |

28 |                                         4

Ex. A Pg 9

1              **JURISDICTION AND VENUE**

2              11.    This Court has concurrent jurisdiction pursuant to 15 U.S.C. § 1640(e) as to claims

3     under the Truth in Lending Act ("TILA"), which provides that such actions may be brought "in any

4     United States District Court, or in any other court of competent jurisdiction".  This Court has

5     jurisdiction to render the declaratory judgment Plaintiffs seek pursuant to 28 U.S.C. § 2201.

6              12.    Jurisdiction and venue are proper in the San Diego Superior Court, Central Division,

7     because the facts giving rise to this complaint occurred in the County of San Diego, State of

8     California, and the real property securing the loans that forms basis of this complaint is located in

9     the County of San Diego, State of California.

10

11                        **PARTIES**

12             13.    Plaintiffs JAMES WOODSON and SABINE WOODSON, both individuals

13    (hereinafter "Plaintiffs") are  natural persons who re-financed their principal residence 17116 El

14    Vuelo Ranch Sante Fe, California.  At all times herein, Plaintiffs were residents of the County of San

15    Diego, State of California.

16             14.    Defendant COUNTRYWIDE HOME LOANS, INC. (hereinafter "Countrywide") was

17    at all times mentioned herein authorized to do business as a foreign corporation in California (license

18    no. C0568549).  Countrywide conducted wholesale consumer loan operations in California, and at

19    all relevant times, Countrywide regularly extended consumer credit payable by written agreement

20    in more than four installments or for which a finance charge is imposed.   It is further alleged on

21    information and belief that Countrywide's principal office is located at 8075 S. River Parkway,

22    Tempe Arizona, and has a principal California office located at 4500 Park Granada #11, Calabasas,

23    California.  Its agent for service of process is located in Los Angeles, California.

24             15.    The true names and capacities, whether individual, corporate or otherwise, of

25    Defendant Does 1 through 10, are unknown to Plaintiffs, who, therefore, sue said Defendant(s) by

26    such fictitious names and will seek leave to amend this Complaint to show their true names and

27    capacities when they have been ascertained.  Plaintiffs are informed and believe and thereon allege

28                        5

Ex. *A* Pg. *10*

1  that each of the defendant(s) designated herein as a Doe is in some manner legally responsible for

2  the events and happenings referred to herein, and proximately caused the injuries and damages to

3  Plaintiffs as herein alleged.

4       16.    Countrywide and Does 1-10 inclusive are hereinafter collectively referred to as

5  "Defendants."

6       17.    Plaintiffs are informed and believe and thereon allege that at all times herein

7  mentioned, each Defendant was the agent and employee of each other Defendant and, in doing the

8  things hereinafter alleged, was acting in the scope of said agency and employment and with the

9  permission and consent of each Defendant, and that each Defendant ratified the acts of each other

10  Defendant.

11  **FACTUAL ALLEGATIONS**

12

13       18.    Plaintiffs owns the home at 17116 El Vuelo Rancho Sante Fe, California (hereinafter

14  "the Property").

15       19.    On January 15, 2007 Plaintiffs obtained a loan with Countrywide in the amount of

16  $2,000,000.00 using the Property as collateral. (Hereinafter referred to as the "first loan"). On or

17  about January 19, 2009 Plaintiffs obtained a second loan on the property in the amount of

18  $800,000.00 also using the Property as collateral. (Hereinafter referred to as the "second loan"). In

19  October 2007 Plaintiffs lost their home to a wild fire  that was a part of a series of wild fires in

20  southern California that lasted for the whole month of October and part of November 2007. Plaintiffs

21  received $500,000.00 in insurance funds, all of which was taken by Countrywide and applied to the

22  second loan.

23       20.    After Plaintiffs' home has burned, they lived in a rental home and attempted to

24  manage their finances such that they would be able to rebuild on the vacant site where their home

25  once was. During this period of time Plaintiffs researched their options and discovered that their

26  Countrywide loan contracts  had numerous violations of the Federal Truth in Lending Act ("TILA")

27  and Federal Reserve Regulation Z, and determined that many of the disclosures did not comply with

28                                6

Ex. A pg. 11

1  California and Federal law

2      21.    On January 7, 2009 Plaintiffs, through their counsel, sent a letter to Countrywide in

3  an attempt to subordinate and/or modify the loan contracts that had encumbered the Property so that

4  they could obtain sufficient funds to rebuild their home. Countrywide refused to subordinate or

5  modify the Plaintiffs loan contracts. Attached hereto as **Exhibit 1** is a true and correct copy of

6  Plaintiffs "Request for Loan Subordination".

7      22.    As a result of being denied the opportunity to subordinate or modify the loans on the

8  Property, Plaintiffs opted to rescind their loan contracts with Countrywide and offered to tender the

9  appropriate amount due pursuant to rescission. On May 19, 2009 Plaintiffs, through their counsel,

10 wrote a letter to Countrywide rescinding the contracts under TILA, Federal Reserve Regulation Z,

11 and the California Business and Professions Code. Attached hereto as **Exhibit 2** is a true and correct

12 copy of the "Request for Loan Modification and Notice of Rescission".

13

14     **A.**    **FACTS PERTAINING TO FAILURE TO DISCLOSE AND TILA VIOLATIONS**

15     23.    It is alleged on information and belief that Defendants have engaged in a pattern or

16 practice of misrepresenting both the Annual Percentage Rate ("APR") in its Truth in Lending

17 Disclosure and the total of financing costs as disclosed in the Settlement Statement, and of charging

18 amounts in excess of what is allowable by law, and other violations of state and federal law.

19     24.    Defendants are not entitled to possession of the subject property, because their

20 security instruments  have been rendered invalid by Plaintiffs'  proper rescission of the loan

21 contracts. The basis for the rescissions are violations of both state and federal law, including the

22 FDIC Consumer Protection laws, the Truth in Lending Act ("TILA") and state consumer protection

23 laws. These violations include, but are not limited to, the following:

24     **"First Loan"**

25     a.    This loan violates 12 C.F.R. 226.23(a)(3),  TILA, 15 U.S.C. § 1601 et seq., 18

26         U.S.C. § 1001, and other laws because it is deceptive and/or lacks a meaningful

27         disclosure of credit terms.  The failure to make clear, conspicuous and accurate

28             7

*A* Pg 12

material disclosures triggers an extended three-year right of rescission.   The
deceptive or misleading disclosures include the following.

i. Defective Notice of Right to Cancel - Only one copy of the Notice Of Right To
Cancel was provided to Plaintiffs and not two each as mandated by 6500 - FDIC
Consumer Protection, § 226.17   § 226.23 . Therefore, under   6500 - FDIC
Consumer Protection § 226.17,  § 226.23 and Code Of Civil Procedure Section
337.3. Plaintiffs have an extended right to cancel this loan for up to three years.

ii. Understated APR - The Truth-In-Lending Disclosure  discloses an APR of
7.126% based on the finance charges and the total of financing costs as disclosed
by Countrywide on the Estimated Settlement Statement. When calculating the APR
using the Countrywide's own figures, the actual APR is 7.370%. Therefore, the
disclosed APR is understated by .2440% which exceeds the limit of 1/8 (.125%)
pursuant to 6500 FDIC § 226.19. Attached hereto as Exhibit 3 is a true and Correct
Copy of the Truth-In-Lending Disclosure; Exhibit 4 is the Calculation of APR and;
Exhibit 5 is the "Estimated Settlement Statement."

iii. TILA Finance Charges - Truth-In-Lending Disclosure (Attached hereto as
Exhibit 3) discloses the Amount Financed as $1,993,926.89. When subtracted from
the loan amount of $2,000,000.00 the balance of $6,073.11 represents the finance
charges used to calculate the APR. The Estimated Settlement Statement (Attached
hereto as Exhibit 5) discloses a total $5,065.76 in finance charges. Therefore, an
amount of $1,007.35 is either unaccounted for, or non-finance charges were used
in the calculations of Amount Financed.

iv. Non-Disclosure - Truth In Lending Disclosure (Attached hereto as Exhibit 3)
did not disclose the index used to calculate the first 60 months of payments. The
index for a one day look back prior to the final documents would have been
5.37063% and could have easily been disclosed. This violates the rule of
conspicuous and accurate material disclosures that a consumer is entitled to.

v. Failure To Disclose - Pursuant to 6500 - FDIC Consumer Protection
Paragraph 19 (b) (2) (viii), Countrywide must provide the borrower with
historical index values when the loan is an adjustable rate loan and adjustments
are based on an index. These documents were never provided to Plaintiffs.

vi. Failure To Disclose - The intent of the State Legislature in approving
California Civil Code CIV Section 1916.7 10 (C) was to fully inform home
buyers of the pros and cons of adjustable rate mortgages and advise them to
compare similar loan products with other lenders. It also requires the lender to
offer other loan products that might be more advantageous for the borrower
under the same qualifying matrix. This disclosure was not provided to Plaintiffs
at any time during the processing of this loan.

vii. Failure To Disclose - There was no language on the Loan Application, or an
addendum to the loan application, specifying that a married person may apply
for a separate account, and therefore, the lender is in violation of California
Civil Code 1812.30 (j) .

8

Ex. A Pg 13

viii. <u>Violation Of Rate Adjustments</u> - Page 2, paragraph (D), of the Adjustable Rate Rider states that the interest rate will never be decreased on any single change date by more than 2% from the rate of interest for the prior six months. Restricting the downward adjustment regardless of the downward movement of the index is in violation of this subsection and operates to question the enforceability of this Note.  Attached hereto as **Exhibit 6** is a true and correct copy of the Adjustable Rate Rider.

ix. <u>Failure To Disclose</u> - Plaintiffs were never provided a Credit Report Disclosure, or a Credit Score Disclosure in compliance with FCRA 15 U.S.C. 1681 Section 212 Subsection 609(g).

x. <u>Failure To Disclose</u> - The disclosure titled "Furnishing Of Negative Information" was not provided to the borrower at any time during the processing of this loan. Therefore, Plaintiffs have a cause for action against Country wide because Countrywide has furnished negative information with credit repositories in violation of 15 U.S.C. § 1681.

xi. <u>Failure To Disclose</u> - The California Insurance Disclosure, as mandated by California Civil Code Section 2955.5 (a), was not provided to Plaintiffs prior to the consummation of this loan.

**"Second Loan"**

a.   This loan violates 12 C.F.R. 226.23(a)(3),  TILA, 15 U.S.C. § 1601 et seq., 18 U.S.C. § 1001, and other laws because it is deceptive and/or lacks a meaningful disclosure of credit terms.  The failure to make clear, conspicuous and accurate material disclosures triggers an extended three-year right of rescission.   The deceptive or misleading disclosures include the following.

i. <u>Defective Notice of Right to Cancel</u> - The document titled "Right To Cancel" does not have a date the rescission expires in compliance with 6500 - FDIC Consumer Protection, § 226.17 and § 226.23, nor does it contain a date by which the rescission period begins. Therefore, Plaintiffs have an extended 3 year right to cancel this loan in accordance with § 226.23 (3). Attached hereto as **Exhibit 7** is a true and correct copy of the document titled "Right to Cancel".

ii. The Notice Of Right To Cancel provided to the Plaintiffs was not provided in duplicate as mandated by this section. Therefore, Plaintiffs have an extended right to cancel this loan for up to three years.

iii. The language on the Notice Of Right To Cancel specifically refers to the "non-purchase portion of the line" as being subject to the right to cancel. However, the entire amount of the credit line was a non-purchase as it was a refinance of a prior second mortgage. This was unclear and Countrywide failed to disclose it.

9

Ex A pg 14

C.     <u>FACTS PERTAINING TO PLAINTIFFS' RESCISSION OF THE TRANSACTION</u>

25.     Because of the violations of TILA, Regulation Z and other laws as set forth above, Plaintiffs retained the right to rescind the transaction up to three years after its consummation. Plaintiffs did, in fact, rescind the transaction within the three year period via letter of May 19, 2009. Plaintiffs then had one year to bring a lawsuit based upon that rescission and have done so in a timely manner.

26.     More than twenty days have passed since Plaintiffs rescinded the transaction, and Defendants have failed to take the required and appropriate actions to reflect the termination of any security interest created under the transaction, as required by 15 U.S.C. § 1635(b) and Regulation Z, § 226.23(d)(2). In addition, Defendants have failed to return to the Plaintiffs any money or property given by the Plaintiffs to anyone, including Defendants, as required by 15 U.S.C. § 1635(b) and Regulation Z, § 226.23(d)(2).

27.     Plaintiffs are prepared to tender a principal amount after the appropriate credits are made for interest, finance charges and any other fees or payments applicable under the statute.

## FIRST CAUSE OF ACTION

### Violations of the Truth In Lending Act (TILA)
### (Against All Defendants)

28.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

29.     Defendants' lending to Plaintiffs based on collateral, without regard to repayment ability, was part of a pattern or practice of lending and violates 15 U.S.C. § 1639(h), entitling Plaintiffs to actual and statutory damages under 15 U.S.C. § 1640(a).

30.     Defendants' failure to deliver all the material disclosures required by the Truth in Lending Act to Plaintiffs in connection with the transaction violates 15 U.S.C. § 1638, entitling Plaintiffs to actual and statutory damages under 15 U.S.C. § 1640(a) and extends their right to rescind the transaction until up to three years after its consummation.

10

Ex. A pg 15

31. Pursuant to 15 U.S.C. §1635, Regulation Z §226.23, Defendant Countrywide had 20 days after receipt of the Notice of Rescission to return to Plaintiffs funds paid, and to take action necessary or appropriate to reflect termination of the security interest. Defendants' failure to take the action necessary and appropriate to reflect the termination of the security interest within 20 days after Plaintiffs' rescission of the transaction violates 15 U.S.C. § 1635(b) and entitles Plaintiffs to actual damages, statutory damages, and orders enforcing their rescission of the transaction.

32. Because Defendants provided false and misleading disclosures, and did not deliver the proper notices as detailed above, and failed to rescind the loans within 20 days, Plaintiffs are entitled to have the court order rescission of the loans under the Truth in Lending Act and are further entitled to actual damages, statutory damages, attorney fees and costs, all finance and loan related charges and such other orders enforcing their rescission of the transaction.

33. Plaintiffs are entitled to a temporary restraining order, temporary injunction and permanent injunction declaring that Plaintiffs have the right to rescind the loans, are entitled to possession of the Property due to rescission and that Defendants cannot proceed with any foreclosure action in the event Plaintiffs becomes unable to pay the loan payments.

### SECOND CAUSE OF ACTION

**Violations of California Business and Professions Code §17200, et seq.
(Against All Defendants)**

34. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

35. Plaintiffs are informed and believe, and on that basis allege, that Defendants have been engaged in, and continue to engage in, numerous acts and/or a pattern and practice of unfair competition within the State of California in violation of Business and Professions Code § 17200 et seq., which proscribes deceptive business practices. These unfair business practices include, but are not limited to, the following:

a. Entering into loans with consumers in which the documents provide for interest rates and finance charges above those represented by the lender to the

11

Ex A pg 16

1                         consumer;

2        b.      Self-dealing at the expense of borrowers;

3        c.      Failing to provide notices and disclosures required by TILA;

4        d.      Violating TILA in failing to rescind the contract after a valid rescission claim

5                 has been made;

6        e.      Violating state lending laws as set forth by California Civil Code §§1812.30,

7                 1916.7, 2855.5, 2923; 2924 and California Financial Code §4052;

8        f.      Failing to comply with the terms of the Settlement and Stipulated Judgment

9                 in the predatory lending case, *The People of the State of California v.*

10                *Countrywide Financial Corporation et al.*, Los Angeles Superior Court Case

11                Number LC083076, by failing and refusing to extend loan modification

12                assistance to Plaintiffs despite Plaintiffs' qualification for this assistance and

13                multiple attempts by Plaintiffs to secure such a modification.

14      36.      The above-described unlawful, unfair and fraudulent business practices are an

15 ongoing threat of injury to Plaintiffs and the general public. Plaintiffs and the general public

16 continue to be financially harmed by such conduct and, unless restrained, defendants will continue

17 to engage in such conduct.

18      37.      Pursuant to California Business and Professions Code § 17203, Plaintiffs are entitled

19 to an order of this Court enjoining Defendants from continuing to engage in unfair competition in

20 the State of California. Plaintiffs and the general public will be irreparably harmed if such an order

21 is not granted.

22      38.      Defendants have been unjustly enriched at the expense of the Plaintiffs who therefore

23 are entitled to equitable restitution and disgorgement of profits realized by Defendants.

24      39.      Moreover, because Plaintiffs brings this action on behalf of themselves and on behalf

25 of the general public, they are entitled to reasonable attorneys' fees pursuant to California Code of

26 Civil Procedure § 1021.5.

27 ///

28                                          12

Ex A pg 17

1  ///

2  ///

3

4  ### THIRD CAUSE OF ACTION

**Declaratory Relief
(Against All Defendants)**

5

6

7    40.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

8    41.    Plaintiffs entered into two loans with Countrywide secured by the Property.

9    42.    Defendants violated provisions of the Federal TILA as well as California law as set forth above, including by failing to provide disclosure documents, providing false and misleading information as to the rate and terms of the loans and by otherwise violating lending laws.  These violations entitle Plaintiffs to both rescission and damages as alleged above.

10

11

12

13    43.    An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights and duties in that Plaintiffs contends that by failing to provide these disclosures and by providing false and misleading information, they are entitled to rescission of the loans and return of the Property as well as actual damages, whereas Defendants have refused to acknowledge Plaintiffs' rescission entirely.

14

15

16

17

18    44.    Plaintiffs requests a judicial determination of the parties' rights and duties as is necessary and appropriate at this time under the circumstances, and a declaration as to whether Defendants violated federal and state lending laws.

19

20

21

22  ### FOURTH CAUSE OF ACTION

**Predatory Lending. California Financial Code § 4970 et seq.
(Against All Defendants)**

23

24    45.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

25

26    46.    The loans were and are covered loan as defined in California Financial Code § 4970.

27

28                                         13

Ex A Pg 18

1       47.     They were and are consumer loans as defined in California Financial Code § 4970.

2       48.     It is alleged on information and belief that  Defendants originated the loans in

3  violation of and noncompliance with, inter alia, California Financial Code § 4973 and 4979.6.

4       49.     Defendants owed Plaintiffs fiduciary duties, inter alia, duties pursuant to California

5  Financial Code § 4979.5.  Defendant breached these duties as set forth herein.

6       50.     Defendants had a duty to accurately and honestly disclose the material terms of the

7  loans to the Plaintiffs and to make certain Plaintiffs understood the terms of the loan that they were

8  entering into.

9       51.     On information and belief, Defendants did not provide the disclosures mandated by

10  California Financial Code § 4970 et seq.

11       52.     The representations made to Plaintiffs by Defendants were material, and were

12  intended to induce, and did induce, Plaintiffs to enter into the Loan transaction, so that Defendants

13  would profit.

14       53.     At the time they made these representations, Defendants knew they were false,

15  misleading and/or concealed the truth. For example, Defendants provided false, inaccurate and

16  inconsistent loan terms to Plaintiffs as set forth above.  Defendants also failed to leave a copy of

17  certain required loan documents with Plaintiffs.

18       54.     As a proximate result of the Defendants' actions and conduct described herein,

19  Plaintiffs were damaged in an amount to be proven at trial.

20

21                          **FIFTH CAUSE OF ACTION**

22                              **Fraud**

23                    **(Against All Defendants)**

24       72.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if
fully set forth herein.

25

26       73.     Defendants had a duty to accurately and honestly disclose the material terms of the

27  loans to the Plaintiffs and to make certain Plaintiffs understood the terms of the loans that they were

28                             14

Ex. A pg. 19

1  entering into.

2      74.    As alleged herein, the representations made to Plaintiffs to induced Plaintiffs to enter

3  the loans were false and were made with the intent to harm Plaintiffs and profit from the

4  misrepresentation.

5      75.    The representations made to Plaintiffs by Defendants were material, and were

6  intended to induce, and did induce, Plaintiffs to enter into the Loan transactions, so that Defendants

7  would profit.

8      76.    At the time they made these representations, Defendants knew they were false,

9  misleading and/or concealed the truth.

10     77.    Plaintiffs reasonably and justifiably relied upon these representations and omissions

11  and were induced into financing the Property.

12     78.    As a proximate result of the misrepresentations of Defendants, Plaintiffs have

13  suffered, currently suffer, and will continue to suffer damages in an amount to be proven at trial.

14     79.    Plaintiffs are entitled to an award of punitive or exemplary damages due to the acts,

15  omissions, and fraudulent misrepresentations of Defendants as alleged herein, as the conduct of

16  Defendants was intentional, fraudulent, oppressive and malicious.

17
                          ### SIXTH CAUSE OF ACTION
18
                          **Negligent Misrepresentation**
19                          **(Against All Defendants)**

20     80.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if

21  fully set forth herein.

22     81.    Defendants had a duty to accurately and honestly disclose the material terms of the

23  loans to the Plaintiffs and to make certain Plaintiffs understood the terms of the loans that they were

24  entering into.

25     82.    As alleged herein, the representations made to Plaintiffs to induce Plaintiffs to enter

26  the loans were material, were false and/or concealed the truth, and were made negligently.   A

27  reasonably prudent lender would know that statements made to a borrower would be relied upon by

28                                    15

Ex. A pg 20

1   the borrower in obtaining a loans.  Defendants knew or should have known this fact.

2       83.    Defendants negligently induced Plaintiffs into entering the loans by making this

3   promises while being aware that Plaintiffs were unsophisticated borrowers.

4       84.    Plaintiffs reasonably and justifiably relied upon these representations and omissions

5   and were induced into financing the Property.

6       85.    As a proximate result of the misrepresentations of Defendants, Plaintiffs have

7   suffered, currently suffer, and will continue to suffer damages in an amount to be proven at trial.

8
                                    **PRAYER FOR RELIEF**

9       WHEREFORE, Plaintiffs prays for the following relief, pursuant to 15 U.S.C. §§ 1635, 1638,

10  1639 and 1640(a) and other applicable laws, on all causes of action:

11      a.     For a declaration that Defendants violated TILA and state lending laws and that

12             Plaintiffs are entitled to rescission of contract and return of the Property;

13      b.     Rescission of the transaction, including a declaration that the Plaintiffs are not liable

14             for any finance charges, interest charges, or other charges imposed by Defendant;

15      c.     A declaration that the security interest in Plaintiffs' property created under the

16             transaction is void, and an order requiring Defendants to release such security

17             interest;

18      d.     Return of any money or property given by the Plaintiffs to anyone, including the

19             Defendant, in connection with the transaction;

20      e.     Statutory damages of $10,000 (consisting of $2,000 for each violation of TILA);

21      f.     Additional damages pursuant to 15 U.S.C. § 1640(a)(4) in the amount of all finance

22             charges and fees paid by Plaintiffs, for each non-disclosure violation;

23      g.     An order that, because Defendants failed to act in response to Plaintiffs' notice of

24             Rescission, Plaintiffs have no duty to tender the loan proceeds to Defendants, but in

25             the alternative, if tender is required, a determination of the amount of the tender

26             obligation in light of all of the Plaintiffs' claims, and an order requiring the

27             Defendants to accept tender on reasonable terms and over a reasonable period of

28                                        16

Ex. _A_ pg 21

1      time;

2     h.     An order enjoining all unlawful practices complained of in this action and imposing

3           affirmative injunctive relief requiring Defendants, their partners, agents, employees,

4           assignees, and all persons acting in concert or participating with them, to take

5           affirmative action to immediately implement policies designed to ensure: (1) that all

6           prospective borrowers' loan applications do not contain false information, (2) training

7           to ensure that lending rates are not charged in excess of those allowed by law, (3)

8           training to ensure all disclosures are made properly and in a timely manner, and (4)

9           training regarding applicable lending laws for all of defendants' employees and

10         agents.

11     I.     Actual damages in an amount to be determined at trial;

12     j.     An award of reasonable attorney fees and costs under both Federal and State law as

13           authorized by the Truth in Lending Act, Regulation Z and Business & Professions

14           Code §17200, et seq.;

15     k.     An award of exemplary or punitive damages for the fraudulent and deceitful activities

16           of the Defendants as alleged herein; and

17     l.     Such other relief at law or equity as this Court may deem just and proper.

18

19  Respectfully submitted,

   Dated: October 12, 2009

20                        HASKINS & ASSOCIATES, APC

21                        By:

22                        Steven W. Haskins, Esq.

                          Attorney For Plaintiffs

23                        James and Sabine Woodson

24

25

26

27

28                            17

Ex. A Pg 22

Exhibit 1

THE OFFICES OF

# HASKINS & ASSOCIATES, APC

A PROFESSIONAL LAW CORPORATION
ATTORNEYS AT LAW
4045 BONITA ROAD, SUITE 206
BONITA, CALIFORNIA 91902-1336

TELEPHONE (619) 479-4351
FACSIMILE (619) 479-0337
WWW.HASKINSLAW.COM

STEVEN W. HASKINS*

CYRUS E. SERADJ*
MARGARET PITCHKOLAN*
CRAIG SANDERS*†

OF COUNSEL
ELENA L. HASKINS
STEVEN F. WINGFIELD- CLS-F
STATE BAR OF CALIFORNIA,
BOARD OF LEGAL SPECIALIZATION

*ALSO A LICENSED REAL ESTATE BROKER
†ALSO ADMITTED IN ARIZONA

LA JOLLA OFFICE

7825 FAY AVE., SUITE 200
LA JOLLA, CALIFORNIA 92037
TELEPHONE (800) 869-1667

SENDER'S E-MAIL ADDRESS:

SteveH@HaskinsLaw.com

LETICIA SORIANO, NP, AICBP, PARALEGAL
VICKI M. WALKER, PARALEGAL

January 7, 2009

**BY CERTIFIED MAIL**

Countrywide Lending
4500 Park Granada
Calabasas, California 91302

## REQUEST FOR LOAN SUBORDINATION
### (This is _not_ a Notice of Rescission)

Re: Loan Nos. 153597948 (First) and 153597964 (Second)
Borrowers: James B. And Sabine I. Woodson
Property Address: 17116 El Vuelo, Rancho Santa Fe, CA 92067

Dear Countrywide Staff:

Please be advised that this firm represents the above referenced borrowers. We are enclosing a signed authorization by our clients allowing us to communicate directly with you. As you may know, our clients' home was tragically destroyed during San Diego County's disastrous 2007 wildfires and they now live with their children in a rental house not far from the vacant lot where their home once stood. They would very much like to rebuild a new home on the vacant site.

We have been authorized by our clients to move forward with loan modification or subordination requests for the two above referenced loans but are also authorized to rescind the transactions and are planning on exercising that right pursuant to the Federal Truth In Lending Act (hereafter "TILA"), and _Regulation Z_ unless modifications or a subordinations are granted as described herein. The claims listed below which give rise to the extended rescission period for both loans are sufficient under the referenced statutes, but are not intended to be all inclusive. Additional violations of the TILA and applicable state lending laws may not be known at this time. Please see the enclosed Forensic Loan Audit for additional details.

Ex. A pg. 24

· Countrywide Lending
January 7, 2009
Page Two

## SUMMARY OF VIOLATIONS (In the Loan Auditor's Own Words)

### Countrywide Home Loans
12340 El Camino Real Ste 325B
San Diego, CA 92130

### First Mortgage- Loan Number: 153597948

(A) 6500 - FDIC Consumer Protection, § 226.17  § 226.23  Right of rescission "In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership is or will be subject to the security interest has the right to rescind the transaction. Lenders are required to deliver two copies of the notice of the right to rescind and one copy of the disclosure statement to each consumer entitled to rescind." The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
   (i) **The retention or acquisition of a security interest in the consumer's principal dwelling.**
   (ii) **The consumer's right to rescind the transaction.**
   (iii) **How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
   (iv) **The effects of rescission, as described in paragraph (d) of this section.**
   (v) **The date the rescission period expires.**
   (2) **Proper form of notice. To satisfy the disclosure requirements of paragraph (b)(1) of this section.**

1. I have noted that only one copy of the Notice Of Right To Cancel was provided to the borrowers and not two each as mandated by this section. Therefore, under sections (A1) through (A3) above, I maintain that the borrower has an extended right to cancel this loan for up to three years.

(B1) 12 C.F.R. 226.23(a)(3). **Failure to make clear, conspicuous, and accurate material disclosures also triggers an extended right of rescission. Material disclosures include the: (1) annual percentage rate, (2) finance charge, (3) amount financed, (4) total payments, (5) or payment schedule.**

(B2) 6500 - FDIC Consumer Protection § 226.19 **Certain residential mortgage and variable-rate transactions (2) Re-disclosure required.  If the annual percentage rate at the time of consummation varies from the annual percentage rate disclosed earlier by more than 1/8 of 1 percentage point in a regular transaction or more than 1/4 of 1 percentage point in an irregular transaction, as defined in § 226.22. the creditor shall disclose all the changed terms no later than consummation or settlement. Credit secured by real property or a dwelling**

Ex. A pg 25

Countrywide Lending
January 7, 2009
Page Three

(closed-end credit only): The disclosed finance charge is considered accurate if it does not vary from the actual finance charge by more than $100.

1. **Understated APR** - The Truth-In-Lending Disclosure (**Exhibit 1**) discloses an APR of 7.126% based on the finance charges and the total of financing costs as disclosed by the lender on the Estimated Settlement Statement (**Exhibit 3**). When calculating the APR using the lender's own figures, the actual APR is 7.370% (**Exhibit 2**). Therefore, the disclosed APR is understated by .2440% which exceeds the limit of 1/8 (.125%) pursuant to 6500 FDIC § 226.19.

2. **TILA Finance Charges** - My examination has concluded that the Truth-In-Lending Disclosure (**Exhibit 1**) discloses the Amount Financed as $1,993,926.89. When subtracted from the loan amount of $2.000,000.00 the balance of $6,073.11 represents the finance charges used to calculate the APR. The Estimated Settlement Statement (**Exhibit 3**) discloses a total $5,065.76 in finance charges. Therefore, an amount of $1,007.35 is either unaccounted for, or non-finance charges were used in the calculations of Amount Financed

3. **Non-Disclosure** - I have noted that the Truth In Lending Disclosure (**Exhibit 1**) did not disclose the index used to calculate the first 60 months of payments. The index for a one day look back prior to the final documents would have been 5.37063% and easily disclosed. This violates the rule of conspicuous and accurate material disclosures that a consumer is entitled to.

( C) 6500 - FDIC Consumer Protection Paragraph 19 (b) (2) (viii). 2. Selection of index values. The historical example must reflect the method by which index values are determined under the program. If a creditor uses an average of index values or any other index formula, the history given should reflect those values. The creditor should select one date or, when an average of single values is used as an index, one period and should base the example on index values measured as of that same date or period for each year shown in the history. A date or period at any time during the year may be selected, but the same date or period must be used for each year in the historical example. For example, a creditor could use values for the first business day in July or for the first week ending in July for each of the 15 years shown in the example.

1. **Failure To Disclose** - Pursuant to this section, the lender must provide the borrower with historical index values when the loan is an adjustable rate loan and adjustments are based on an index. There is no existing evidence in the documents in my possession that this disclosure was ever provided to the borrower.

(D) California Civil Code CIV Section 1916.7 10 ( C) An applicant for a loan originated pursuant to the provisions of this section must be given, at the time he or she requests an application, a disclosure notice in the following form: "NOTICE TO BORROWER IMPORTANT INFORMATION ABOUT THE ADJUSTABLE PAYMENT, ADJUSTABLE-RATE LOAN. PLEASE READ CAREFULLY" (the code continues to set form, format, and mandates required fonts and wording which recommends the borrower to "Shop Around"

Ex A pg 26

Countrywide Lending
January 7, 2009
Page Four

1. **Failure To Disclose** - The intent of the State Legislature in approving this statute was to fully inform home buyers of the pros and cons of adjustable rate mortgages and advise them to compare similar loan products with other lenders. It also requires the lender to offer other loan products that might be more advantageous for the borrower under the same qualifying matrix. This disclosure was not provided to the borrower at any time during the processing of this loan.

**(E) California Civil Code 1812.30 (j) Credit applications for the obtainment of money, goods, labor, or services shall clearly specify that the applicant, if married, may apply for a separate account.**

1. **Failure To Disclose** - I have noted that there was no language on the Loan Application, or an addendum to the loan application, specifying that a married person may apply for a separate account, and therefore, the lender is in violation of this code.

**(F) California Civil Code CIV Section 1916.7 10 ( c) - INDEX. "Adjustments to interest rate of an adjustable-payment, adjustable-rate mortgage loan must correspond directly to the movement of an index which is selected, but not controlled, by the lender. Any adjustments to the interest rate are subject to limitations provided in the loan contract. If the index moves down, the lender must reduce the interest rate by at least the decrease in the index. If the index moves up, the lender has the right to increase the interest rate by that amount. Although making such an increase is optional by the lender, you should be aware that the lender has this right and may be contractually obligated to exercise it.**

1. **Violation Of Rate Adjustments** - I have determined that page 2, paragraph (D), of the Adjustable Rate Rider (**Exhibit 4**) states that the interest rate will never be decreased on any single change date by more than 2% from the rate of interest for the prior six months. By restricting the downward adjustment regardless of the downward movement of the index is in violation of this subsection and operates to question the enforceability of this Note.

**(G) FCRA 15 U.S.C. 1681 Section 212, Subsection 609(g) a lender must provide the following to the consumer as soon as reasonably practicable: 1. The current credit score of the consumer or the most recent credit score of the consumer that was previously calculated by the credit reporting agency for a purpose related to the extension of credit; 2.The range of possible credit scores under the model used; 3. All of the key factors that adversely affected the credit score of the consumer in the model used, the total number of which shall not exceed four (4), unless a key factor that adversely affects the consumer's credit score consists of the number of enquiries made with respect to a consumer report. In this case, then five (5) key factors may be listed; 4. The date on which the credit score was created and; 5. The name of the person or entity that provided the credit score or credit file upon which the credit score was created.**

1. **Failure To Disclose** - I have concluded that the borrower was never provided a Credit Report Disclosure, or a Credit Score Disclosure in compliance with this subsection.

**(H) 15 U.S.C. § 1681s-2] (A) NOTICE TO CONSUMER REQUIRED- (i) IN GENERAL- If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p)**

A 27

Countrywide Lending
January 7, 2009
Page Five

furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer.

1. **Failure To Disclose** - I have concluded that the disclosure titled "Furnishing Of Negative Information" was not provided to the borrower at any time during the processing of this loan. Therefore, the borrower would have a cause for action should the lender record negative information with credit repositories.

**(I) California Civil Code Section 2955.5 (a) No lender shall require a borrower, as a condition of receiving or maintaining a loan secured by real property, to provide hazard insurance coverage against risks to the improvements on that real property in an amount exceeding the replacement value of the improvements on the property. (b) A lender shall disclose to a borrower, in writing, the contents of subdivision (a), as soon as practicable, but before execution of any note or security documents. ( c) Any person harmed by a violation of this section shall be entitled to obtain injunctive relief and may recover damages and reasonable attorney's fees and costs.**

1. **Failure To Disclose** - I have noted that the California Insurance Disclosure as mandated by this section was not provided to the borrower prior to the consummation of this loan. Although failure to provide this disclosure is a minor offense, the intent of this subsection is to prohibit the lender from requiring the borrower to pay a higher premium than what is needed to replace the improvements.

**Second Mortgage**

Loan Number: 153597964/Countrywide Home Loans
12340 El Camino Real Ste 325B
San Diego, CA 92130
Type: HELOC

**Violations**

(A) 6500 - FDIC Consumer Protection, § 226.17  § 226.23  Right of rescission "In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership is or will be subject to the security interest has the right to rescind the transaction. Lenders are required to deliver two copies of the notice of the right to rescind and one copy of the disclosure statement to each consumer entitled to rescind." The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
  (i) **The retention or acquisition of a security interest in the consumer's principal dwelling.**
  (ii) **The consumer's right to rescind the transaction.**
  (iii) **How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
  (iv) **The effects of rescission, as described in paragraph (d) of this section.**
  (v) **The date the rescission period expires.**

*Ex. A pg 28*

Countrywide Lending
January 7, 2009
Page Six

**(2) Proper form of notice. To satisfy the disclosure requirements of paragraph (b)(1) of this section.**

1. I have determined that the document titled "Right To Cancel" **(Exhibit 5)** does not have a date the rescission expires in compliance (v) above, nor does it contain a date by which the rescission period begins. Therefore, I maintain that the borrower has an extended 3 year right to cancel this loan in accordance with § 226.23 (3).

2. I have also noted that only one copy of the Notice Of Right To Cancel was provided to the borrowers and not two each as mandated by this section. Therefore, under sections (A1) through (A3) above, I maintain that the borrower has an extended right to cancel this loan for up to three years.

3. I have further noted that the language on the Notice Of Right To Cancel specifically refers to the "non-purchase portion of the line" as being subject to the right to cancel. I submit that the entire amount of the credit line was a non-purchase as it was a refinance of a prior second mortgage.

## RESCISSION POSTPONEMENT DURING NEGOTIATION

Our clients prefer to attempt a settlement prior to rescinding the transactions. However, the security interests held by you and/or your assignees will be void upon our clients' rescission. Pursuant to the Regulation, if our clients rescind the loan transactions you will have 20 (twenty) days after receipt of the Notice of Rescission to return to our clients' funds and to take action necessary or appropriate to reflect termination of the security interest. Upon the discharge of your statutory duties, our clients will perform all necessary actions required by the Code and Regulations.

If we proceed with rescission, our clients are prepared to tender an amount due after appropriate credits are made by you to the accounts. As you know, upon rescission if you do not cancel the security interests and return all consideration paid by our clients prior to the expiration of the required time period, you will be responsible for actual and statutory damages pursuant to applicable law.

## LOAN SUBORDINATION PROPOSAL

As an alternative to the loan modifications proposed above, our clients would accept a settlement of their claims by way of a subordination of the first priority Countrywide loan to a new construction loan for the reconstruction of their home. This subordination would entail the **payoff in full of the second priority Countrywide loan** at the time of the subordination. The proposed construction loan would be in the amount of **$4,000,000** and would be made by La Jolla Bank and Trust. La Jolla Bank has commissioned an appraiser who has determined the new value after construction is completed of $8,000,000, allowing for a substantial equity cushion for Countrywide. We would be happy to forward documentation concerning the construction loan as well as an appraisal to you for your review. In addition, you should know that our client's own appraiser arrived at a value when completed of $12.6 million for the property.

Ex *A* Pg 29

• Countrywide Lending
January 7, 2009
Page Seven

As part of this arrangement a renegotiation of some of the terms of the remaining subordinated loan will be appropriate and necessary. In light of this, we would propose that the remaining loan's interest rate be modified to a fixed interest rate of 4.5% for the balance of the term of the loan. This adjustment would be sufficient to allow our clients to continue to hold the property pending construction of their new home and to be able to pay principal and interest payments on a monthly basis within the parameters as set forth in the **FDIC Loan Modification Guidelines**. Under such a renegotiation arrangement, our clients would be willing to forego making the rescission demands contained in this letter and also release Countrywide in writing from any and all liability whatsoever on either loan as set forth in the enclosed Loan Audit.

Please let us know **as soon as possible** whether you would like to enter into negotiations to settle this dispute short of rescission and/or litigation.

Yours very truly,

*HASKINS & ASSOCIATES APC*

Steven W. Haskins, Esq.

Encl.

cc: Client

Ex _A_ pg 30

Exhibit 2

Ex $\,A\,$ Pg $31$

THE OFFICES OF

# HASKINS & ASSOCIATES, APC

A PROFESSIONAL LAW CORPORATION
ATTORNEYS AT LAW
4045 BONITA ROAD, SUITE 208
BONITA, CALIFORNIA 91902-1336

TELEPHONE (619) 479-4351
FACSIMILE (619) 479-0337

WWW.HASKINSLAW.COM

STEVEN W. HASKINS*
CYRUS E. SERADJ*
*MARGARET PITCHKOLAN*

OF COUNSEL
ELENA L. HASKINS
STEVEN F. WINGFIELD- CLS-F
STATE BAR OF CALIFORNIA,
BOARD OF LEGAL SPECIALIZATION

*ALSO A LICENSED REAL ESTATE BROKER

LETICIA SORIANO, NP, AICBP, PARALEGAL
VICKI M. WALKER, PARALEGAL

*LA JOLLA OFFICE*

1150 SILVERADO ST, STE. 210
LA JOLLA, CALIFORNIA 92037
TELEPHONE (800) 669-1867

*NORTH COUNTY OFFICE*

GATEWAY BUILDING
100 E. SAN MARCOS BLVD., STE. 433
TELEPHONE (800) 669-1867

*SENDER'S E-MAIL ADDRESS:*

SteveH@HaskinsLaw.com

May 19, 2009

## BY CERTIFIED MAIL ONLY

Countrywide Home Loans
12340 El Camino Real Ste 325 B
San Diego, CA 92130

Home Retention Division
Mailstop SV-65
400 Countrywide Way
Simi Valley, CA 93065

## REQUEST FOR LOAN MODIFICATION
### *(And Notice of Rescission)*

Re: Borrowers James B. Woodson & Sabine T. Woodson
Loan No. 153597948 (First) and 153597964 (Second)
Property Address: 17116 El Vuelo Rancho Sante Fe, CA 92067

Dear Sir/Madam:

Please be advised that this office represents the above referenced clients, borrowers under the above-referenced loan.

We have been authorized by our clients to move forward with a loan modification request but are also authorized to rescind this transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act (hereafter "TILA"), and *Regulation Z*. The claims listed below which give rise to the extended rescission period are sufficient under the referenced statutes, but are not intended to be all inclusive. Additional violations of the TILA and applicable State lending laws may not be known at this time. Please see the enclosed Forensic Loan Audit for details.

Upon rescission, the security interest held by you and/or your assignees will be void upon our clients' rescission. Pursuant to the Regulation, you will have 20 (twenty) days after receipt of this Notice of Rescission to return to our clients' funds and to take action necessary or appropriate to reflect termination of the security interest. Upon the discharge of your statutory duties, our clients will perform all necessary actions required by the Code and Regulations.

Ex A pg 32

- Home Retention Division
  Countrywide Home Loans
  May 19, 2009
  Page Two

Our clients are prepared to tender an amount due after appropriate credits are made by you to the subject account. As you know, upon rescission if you do not cancel the security interest and return all consideration paid by our clients prior to the expiration of the required time period, you will be responsible for actual and statutory damages pursuant to applicable law.

## LOAN MODIFICATION PROPOSAL

Notwithstanding the foregoing, and after careful consideration of all facts and circumstances surrounding our clients' situation, it is our belief that a renegotiation of the first priority loan (Loan No. 153597948) loan with a **fixed interest rate of 4.625% for the balance of the term** would be sufficient to allow our clients to continue to reside in the home and be able to pay principal and interest payments on a monthly basis within the parameters as set forth in the *FDIC Loan Modification Guidelines*. Under such a renegotiation arrangement, our clients would be willing to withdraw this rescission demand. To that end we are enclosing some back up information concerning the property along with a current financial statement and hardship letter.

Please let us know **within 30 days of the date of this letter** whether you would like to enter into negotiations to settle this dispute so that our clients may consider withdrawing this Notice of Rescission.

Thank you for your anticipated consideration and cooperation in this matter.

Yours very truly,

*HASKINS & ASSOCIATES APC*

Steven W. Haskins, Esq.

Encl.

cc: Client

Ex A pg 33

**Exhibit 3**

Ex. *A* Pg. 34

Prepared by: CARLY NEIGH

# TRUTH IN LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

LENDER: Countrywide Bank, N.A.

☐ Preliminary    ☒ Final

DATE  01/19/2007

1199 North Fairfax St. Ste.500
Alexandria, VA 22314

BORROWERS:  JAMES B WOODSON
SABINE I WOODSON

LOAN NO.  153597948
CASE NO.

Type of Loan  CONV UNINSURED
NC ARM LIBR 5/1 EC
10yIO 525

ADDRESS      PO BOX 636
CITY STATE / ZIP  RANCHO SANTA FE, CA 92067-0636
PROPERTY    17116 EL VUELO, RANCHO SANTA FE, CA 92067

*# 2,000,000 @ 6.250%*

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| *7.370*<br>~ *·2440*  7.126 % | *3,297,191.04*<br>$ 3,297,192.67 | *6,073.11*<br>$ 1,993,926.89 | *5,065.76 - 1,007.35*<br>$ 5,291,119.56 |

PAYMENT SCHEDULE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| 60 *6.250* | 10,416.67  *625,000.20* | MONTHLY BEGINNING 03/01/2007 |
| 60 *7.625 ✓* | 12,708.33  *762,499.80* | MONTHLY BEGINNING 03/01/2012 |
| 239 *7.685 —* | 16,265.07  *3,887,354.73* | MONTHLY BEGINNING 03/01/2017 |
| 1 | 16,267.83 | LAST PAYMENT DUE  02/01/2037 |
|  | *5,291,119.56* |  |
|  |  | *1,387,500* |
|  |  | *1,503,617.93* |
|  | *Index = 5.5063* |  |
|  | *Margin = 2.250* |  |
|  | *7.625 ✓ same as 2nd period ✓* |  |

DEMAND FEATURE:  ☒ This loan does not have a Demand Feature.    ☐ This loan has a Demand Feature as follows:

VARIABLE RATE FEATURE:
☒ This loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

SECURITY: You are giving a security interest in the property located at:
17116 EL VUELO, RANCHO SANTA FE, CA 92067

ASSUMPTION: Someone buying this property  ☐ cannot assume the remaining balance due under original mortgage terms
☒ may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

PROPERTY INSURANCE: Hazard Insurance, including flood insurance if the property is in a Special Flood Hazard Area, is required as a condition of this loan. You may obtain the insurance coverage from any insurance company acceptable to the lender. Complete details concerning insurance requirements will be provided prior to loan closing.

LATE CHARGES: If your payment is more than 15 days late, you will be charged a late charge of                    5.000%
of the overdue payment.

PREPAYMENT: If you pay off your loan early, you
☐ may   ☒ will not    be entitled to a refund of part of the finance charge.
☐ may   ☒ will not    have to pay a penalty.

See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_____   _____   _____   _____
BORROWER                       DATE     BORROWER                       DATE
JAMES B WOODSON                         SABINE I WOODSON

_____   _____   _____   _____
BORROWER                       DATE     BORROWER                       DATE

FNMA/CONV
● Truth In Lending Disclosure
2C298-US (08/06)(d)

Page 1 of 2

* 23991 *

*Exhibit 1*

* 1 53597948000002C298 *


*A ᵖg 35*

**Exhibit 4**



### Basic Loan Information

| | |
|---|---|
| Loan Amount | $200,000.00 |
| Initial Interest Rate on Loan | 6.25% |
| Loan Term (in months) | 30 years |
| Number of Years Loan is Interest Only | 10 years |
| Monthly Payment During Interest Only Period | $1,041.67 |
| Monthly Payment After Interest Only Period | $1,625.98 |
| Current Value of Property | $200,000 |

### Other Fees & Charges

| | |
|---|---|
| Other APR Fees | $6,073.11 |
| Total Fees and Charges | $6,073.11 |

### Rate Adjustments & Minimum/Maximum Rates

| | |
|---|---|
| Rate Index Base Value | 5.37% |
| Margin | 2.25% |
| Number of Months to 1st Adjustment | 60 months |
| Maximum Rate Change on 1st Adjustment | 11.25% |
| Duration Between Subsequent Rate Adjustments | 12 months |
| Subsequent Rate Adjustments | 2.00% |
| Maximum Interest Rate over Life of Mortgage | 11.25% |
| Minimum Interest Rate over Life of Mortgage | 2.25% |
| The APR on this loan is | 7.37% |

Return to Input Screen

Exhibit 2

Ex A Pg 37

Exhibit 5

Ex. *A* pg 38



# CHICAGO TITLE COMPANY

ESTIMATED BUYER'S/BORROWER'S SETTLEMENT STATEMENT                    PAGE: 01

ESCROW NUMBER: 00438-608028133-001      ORDER NUMBER: 00438-608028133

CLOSING DATE:  01/15/07       CLOSER: Diana Flickner

BUYER:      James B. Woodson and Sabine T. Woodson

SELLER:

PROPERTY:      17116 EL VUELO, RANCHO SANTA FE, CALIFORNIA 92067

|  |  | CHARGE BUYER | CREDIT BUYER |
|---|---|---|---|
| Payoff Existing Loan With Countrywide |  | 1,449,953.17 |  |
| Interest from 01/01/07 to 01/30/07 @ $ | 407.20 | 5,904.09 |  |
| Recon/Release Fee |  | 45.00 |  |
| Statement Fee |  | 60.00 |  |
| Recording Fee |  | 9.00 |  |
| Payoff Existing Loan With COUNTRYWIDE |  | 341,115.66 |  |
| Interest from 01/01/07 to 01/30/07 @ $ | 71.45 | 2,072.05 |  |
| Recording Fee |  | 9.00 |  |
| Interest Payable |  | 2,214.97 |  |
| New Loan From COUNTRYWIDE HOME LOANS |  |  | 2,000,000.00 |
| New Loan From Countrywide Home Loans |  |  | 800,000.00 |
| Loan Charges To COUNTRYWIDE HOME LOANS |  |  |  |
| Interest from 01/24/07 to 02/01/07 @ $ | 347.22 | 2,777.76 ✳ |  |
| Processing Fee to COUNTRYWIDE HOME LOANS |  | 390.00 ✳ |  |
| Tax Service fee to COUNTRYWIDE HOME LOANS |  | 80.00 ✳ |  |
| Flood Check fee to Landsafe Flood |  | 26.00 ✳ |  |
| Underwriting Fee to COUNTRYWIDE HOME LOANS |  | 250.00 ✳ |  |
| Doc Prep Fee to COUNTRYWIDE HOME LOANS |  | 185.00 ✳ |  |
| Appraisal Fee To Landsafe Appraisal |  | 697.00 ✳ |  |
| Credit Report To Landsafe Credit |  | 35.00 ✳ |  |
| Lender Credit for pre-paid Finance Charges |  |  | 8,400.00 |
| Escrow fee on 2nd to CHICAGO TITLE/CARLSBAD |  | 100.00 |  |
| Settlement or Closing Fee To Chicago Title |  | 425.00 ✳ |  |
| Title Insurance To Chicago Title |  | 3,050.00 |  |
| Endorsement Fee |  | 50.00 |  |
| Courier Fee |  | 35.00 |  |
| Recording Fees |  | 125.00 |  |
| Second Policy Fee |  | 100.00 |  |
| Second Settlement Fee |  | 100.00 |  |
| Signing Fee to Signature Company |  | 200.00 ✳ |  |
| Refundable Pad**NOT A CHARGE** |  | 1,000.00 |  |
| Funds Due To Buyer At Closing |  | 997,391.30 |  |

TOTALS                                        $   2,808,400.00 $   2,808,400.00

✳ = Finance Charges - $5,065.76
       Per TIL - $6,073.11
                  1,007.35

_____          _____
James B. Woodson                 Sabine T. Woodson

Exhibit 3

DATE: 01/19/07   15:41:00

Ex ____ A ____ Pg ____ 39

**Exhibit 6**

LOAN #: 153597948

scheduled due date, and if the payment includes both principal and interest, it will be applied to interest before Principal. If, on **FEBRUARY 01, 2037** , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
**P.O. Box 10219, Van Nuys, CA 91410-0219**
or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $ **10,416.67** until the first Change Date. After the first Change Date, my monthly payment will be in an amount sufficient to pay accrued interest, at the rate determined as described in Section 4 of this Note until the First Principal and Interest Payment Due Date. On that date and thereafter, my monthly payment will be in an amount sufficient to repay the principal and interest at the rate determined as described in Section 4 of this Note in substantially equal installments by the Maturity Date. The Note Holder will notify me prior to the date of changes in monthly payment.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 or 5 of this Note.

**4.   ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates**

The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of **FEBRUARY, 2012** , and the adjustable interest rate I will pay may change on that day every 12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding **TWO & ONE-QUARTER** percentage points ( **2.250** %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of my monthly payment. For payment adjustments occurring before the First Principal and Interest Payment Due Date, the amount of my monthly payment will be sufficient to repay all accrued interest each month on the unpaid principal balance at the new interest rate. If I make a voluntary payment of principal before the First Principal and Interest Payment Due Date, my payment amount for subsequent payments will be reduced to the amount necessary to repay all accrued interest on the reduced principal balance at the current interest rate. For payment adjustments occurring on or after the First Principal and Interest Payment Due Date, the amount of my monthly payment will be sufficient to repay unpaid principal and interest that I am expected to owe in full on the Maturity Date at the current interest rate in substantially equal payments.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than **11.250** % or less than **2.250** %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than **11.250** %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

● MULTISTATE ARM, ONE-YEAR LIBOR, 10-Year Interest Only Period Note
1E452-XX (09/08)                                                    Page 2 of 5

*Exhibit 4*

*Ex A Pg 41*

Exhibit 7

Ex. *A* Pg 42

Prepared by: CARLY NEIGH

**Countrywide Bank, N.A.**

DATE:       01/19/2007
BORROWER: JAMES B. WOODSON
CASE #:
LOAN #:      153597964
PROPERTY ADDRESS:   17116 EL VUELO
                    RANCHO SANTA FE, CA 92067

Branch #: 0001243
12340 EL CAMINO REAL STE 325A
SAN DIEGO, CA 92130
Phone: (858)523-9074
Br Fax No.: (858)847-0251

### NOTICE OF RIGHT TO CANCEL
#### Home Equity Line of Credit

**Your Right to Cancel:** We have agreed to establish an open-end credit account for you, and you have agreed to give us a security interest in your home as security for the account. If all or some portion of your account is used to finance the down payment for the purchase of the property identified above ("the Purchase Portion"), we are permitted to disburse the Purchase Portion of your account prior to the expiration date indicated below in the section entitled "How to Cancel."

You have a legal right under federal law to cancel the security interest applicable to the remainder of the funds available in your account ("the Nonpurchase Portion"), without cost, within three business days after the latest of the following events:

1. the opening date of your account which is _____ ;
                                            or
2. the date you received your Truth-in-Lending disclosures;
                                            or
3. the date you received this notice of your right to cancel the account.

The Nonpurchase Portion of your line includes any funds from the Purchase Portion that you subsequently repay and then use again for some other purpose. If none of the account is being used to purchase the property identified above, then the Nonpurchase Portion is the entire amount of the account. If you cancel, your cancellation will apply only to the Nonpurchase Portion and to the security interest resulting from that portion. It will not affect the amount you owe for the Purchase Portion, and it will not affect the security interest we have in your home for the Purchase Portion but it will terminate your ability to take additional funds from your account. Within 20 days of receiving your notice, we must take the necessary steps to reflect the fact that the security interest in your home has been reduced by the amount of the Nonpurchase Portion or cancelled, if applicable. If we require you to sign any documents or take any actions in connection with reducing the security interest, you must do so. We must return to you any money or property you have given to us or to anyone else in connection with the Nonpurchase Portion.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address shown below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

---

**How to Cancel:** If you decide to cancel the account, you may do so by notifying us, in writing, at:

Countrywide Bank, N.A.
12340 EL CAMINO REAL STE 325A
SAN DIEGO, CA 92130

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice no matter how you notify us because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of _____ (or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

_____              _____
Consumer's Signature                                       Date

---

The undersigned each acknowledge receipt of two completely filled in copies of the above Notice of Right to Cancel.

Each of the undersigned has the right to cancel. The exercise of this right by one of the undersigned shall be effective as to all of the undersigned.

_____              _____
Consumer's Signature   JAMES B. WOODSON              Date

_____              _____
Consumer's Signature   SABINE I WOODSON              Date

❖ HELOC - Notice of Right to Cancel
2D216-US (10/05)(d)

*2ND LOAN*

*Exhibit 5*

*23991*

*1535979840000202D216*

Ex _____ Pg _____        *A    43*

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| James Woodson and Sabine Woodson | Countrywide Home Loans, Inc. |

**(b)** County of Residence of First Listed Plaintiff  San Diego County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Los Angeles County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
(see attachment)

Attorneys (If Known)
(see attachment)

09 DEC -3 PH 12: 13

'09CV2707 LAB  JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1601, et seq.; 12 C.F.R. 226.01, et seq.; 18 U.S.C. §§ 1001.
Brief description of cause:
Plaintiffs allege that Defendant failed to disclose material terms in of their loans.

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  12/03/2009

SIGNATURE OF ATTORNEY OF RECORD  *Jenna L. Moldenny*

FOR OFFICE USE ONLY

RECEIPT #  7905   AMOUNT  350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

NS  12/3/09

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS007905
Cashier ID: msweaney
Transaction Date: 12/03/2009
Payer Name: SAN DIEGO LEGAL SUPPORT SVCS
-----------------------------------
CIVIL FILING FEE
  For: WOODSONS V COUNTRYWIDE
  Case/Party: D-CAS-3-09-CV-002707-001
  Amount:        $350.00
-----------------------------------
CHECK
  Check/Money Order Num: 84491
  Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.